# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| **RUSSELL JAMES CHARRIER,** | § | |
| | § | |
| **Petitioner,** | § | |
| v. | § | **CIVIL ACTION V-07-97** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM ON DISMISSAL

On October 7, 2008, the Court ordered Respondent to file an answer, dispositive motion or other pleading in response to Petitioner's petition for writ of habeas corpus. *See* Dkt. No. 11. The Court further ordered Petitioner to "file a response to any dispositive motion filed by the [R]espondent within twenty (20) days." *Id.* Petitioner was warned that "failure to file a response within twenty days shall result in dismissal of this action for want of prosecution under Rule 41(b), FED. R. CIV. P." *Id.* On December 15, 2008, Respondent filed a Motion for Summary Judgment (Dkt. No. 20).

Instead of filing a timely response, on January 5, 2009, Petitioner filed a Motion for Extension of Time (Dkt. No. 21), which the Court granted in an Order dated January 7, 2009 (Dkt. No. 23). The January 7 Order instructed Petitioner to file his response by January 30, 2009. Dkt. No. 23.

Petitioner then filed a letter dated January 20, 2009 (Dkt. No. 24), which the Court construed as a motion requesting, among other things, a further extension of time in which to file a response. Dkt. No. 25. After considering Petitioner's letter, the Court granted Petitioner a second extension of time, until February 23, 2009, to file a response to Respondent's Motion for Summary Judgment.

*Id.* The Court, noting that this marked the second time in which Petitioner asked for and received an extension of time to file, advised Petitioner that he would be "wise to file a response by the newly instated deadline" and that failure to do so "may result in dismissal of this action for want of prosecution." *Id.*

Approximately one week has passed since the expiration of Petitioner's response deadline and he has neither filed a response to Respondent's Motion for Summary Judgment nor shown good cause for his failure to do so. Petitioner's failure to pursue this action forces the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, the Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b).  Petitioner is advised, however, that upon a proper showing, relief from this order may be granted in accordance with FED. R. CIV. P. 60(b); *Link v. Wabash R.R.*, 82 S.Ct. 1386 (1962).

Accordingly, it is hereby **ORDERED** that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED on this ___2nd___ day of ___March___, 2009.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE